The opinion of the Court was delivered by
Parker, C. J.
We cannot suppose that the trifling errai in the *15 description of the note, on which the defendant was indorser, car discharge him from his liability.† It was properly left to the jury to decide, whether he must not have known that the notice referred to the only note, which, it seems, lay in the bank, on which he was liable as promissor * or indorser ; and the jury have de- [*8] termined, that he must have had such knowledge. The note, being made payable at the bank, must be considered as having reference to the rules and practices there prevailing ; so that the form of the notice was sufficient.‡
As to the other objection, that, although the notice was left with the defendant on the proper day, yet that it stated the note to be due before the days of grace had expired ; we consider this as an immaterial error, as the notice was in fact given on the right day ; and it could not have prejudiced the defendant, to be told, as he was, that a note, which was due three days before, was still unpaid.§

Judgment according to the verdict.

 The notice of dishonor must give such a complete specification of the bill as leaves no doubt with regard to its identity. Thomson on Bills, 505.

 Renner vs. The Bank of Columbia, 9 Wheat. 581 - 4 — Raborg vs. Bank of Columbia, 1 Har. Gill, 231. — Bank of Columbia vs. Fitz Hugh, ib. 239. — Bank of Columbia vs MacGruder's Adm'z, 6 H. G., 172. — City Bank vs. Cutter, 3 Pick. 414.

 But it might mislead him, to be informed that it became due three days before it did in fact become due, as he might suppose himself exonerated for want of a seasonable notice, and, therefore, take no measures to secure himself.